IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Brian Gross,  )
        Plaintiff,  )  Case No: 14 C 6559
          )
        v.  )
          )  Judge Ronald A. Guzmán
Chicago Transit Authority, et al.  )
        Defendants.  )

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, all of the defendants' motions to dismiss [28, 31, 41, 46] are granted. Because Gross's claims against the state agencies and state officials are barred by the Eleventh Amendment, the claims against IDES, IDOL, and Attorney General Madigan are dismissed with prejudice. Moreover, because Gross does not indicate how he can replead to cure the deficiency with respect to the purported procedural due process violation, the § 1983 claims against Maduff and the CTA based on that alleged violation are dismissed with prejudice. To the extent that Gross attempted to allege a sex harassment claim under Title VII, it is dismissed without prejudice for failure to exhaust. Gross has 21 days to file an amended complaint, to the extent he can do so in compliance with Federal Rule of Civil Procedure 11, with respect to any § 1983 sex harassment claim only. Gross's failure to file a timely amended complaint will result in dismissal of the case.

## STATEMENT

Brian Gross, proceeding pro se, has sued the Chicago Transit Authority ("CTA"), the Illinois Department of Labor ("IDOL"), the Illinois Department of Employment Security ("IDES"), Attorney General Lisa Madigan and the law firm of Maduff and Maduff, LLC ("Maduff"). All Defendants move to dismiss the claims against them. Despite being given the opportunity to respond and the Court extending the briefing schedule, Gross failed to respond to any of the motions. Accordingly, the Court will rule without the benefit of a response by Gross. For the reasons stated herein, the motions are granted.

From what the Court can ascertain from Gross's amended civil rights complaint and attachments, he was a bus driver with the CTA for approximately three years but was discharged sometime after January 11, 2012 for being absent without notice. (Am. Compl., Dkt. # 10, PageID ## 71-72.) Gross apparently sought unemployment benefits from IDES after his discharge but was denied. (*Id*.) On appeal of that denial, Gross contended that he failed to appear for work because he feared for his safety after being allegedly stalked by a co-worker. (*Id*.) The Board of Review for IDES denied Gross's appeal of the denial of unemployment benefits because the evidence did not show that he was unable to communicate with the CTA to alert his supervisor of his absences and the reason for them. (*Id*.)

In his statement of the claim section of the amended complaint, Gross alleges that he was sexually, physically and mentally harassed while he was a bus driver at the CTA and his manager allowed it because he was having sex with the woman who was harassing Gross. (Am. Compl., Dkt. # 10, at 4.) Gross further alleges that his manager then fired him and the manager acknowledged "under oath" that he "did nothing" despite Gross's complaints of harassment. (*Id.*) According to Gross, the CTA precluded him from "presenting [his] case by unethical collusion of attys and judges to prevent [him] [his] day in court." (*Id.*)

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 823 (7th Cir. 2014).

Defendant Maduff. The only reference in Gross's complaint to Maduff is the statement that he "conspired with CTA to lose [Gross's] case." (Am. Compl., Dkt. # 10, at 2.)[1] A private party may be held liable under § 1983 under a conspiracy theory only if a plaintiff alleges that it "engag[ed] in joint action with state officials to deprive a person of a federally protected right." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989). Conspiracy is not an independent basis of liability in § 1983 actions, *see Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000), but is dependent on the underlying constitutional injury. *See Drager v. Vill. of Bellwood*, 969 F. Supp. 2d 971, 984 (N.D. Ill. 2013). Gross's amended complaint appears to allege that he did not receive a fair hearing in his VESSA case. However, Gross fails to state a claim for a constitutional violation. As noted by the Seventh Circuit:

> A procedural due process claim requires a two-fold analysis. First, we must determine whether the plaintiff was deprived of a protected interest; second, we must determine what process is due. In evaluating what process satisfies the Due Process Clause, one of our sister circuits has explained, the Supreme Court has distinguished

---

[1] The Court assumes that Gross's reference to his "case" refers to the case he brought before IDOL against the CTA alleging a violation of the Illinois Victims' Economic Security and Safety Act ("VESSA"). According to the Findings of Fact and Conclusions of Law issued by the IDOL Hearings Section, IDOL File No. 13-VS179, addressing Gross's complaint, Maduff initially represented Gross in that action but then successfully withdrew. (IDOL's Mem. Support Mot. Dismiss, Dkt. # 42-1, at PageID # 239); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080–81 (7th Cir.1997) (court is permitted to take notice of public documents and court filings in considering a motion to dismiss).

> between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees. If the plaintiff alleges that the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing. Under those circumstances, the availability of post-deprivation procedures will not, ipso facto, satisfy due process.
>
> By contrast, when the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides a meaningful post-deprivation remedy. Thus, we have stated that, for a plaintiff alleging a procedural due process claim based on "random and unauthorized" conduct of a state actor, the plaintiff must either avail herself of state post-deprivation remedies or demonstrate that the available remedies are inadequate. If the plaintiff has not availed herself of state remedies, she cannot state a valid procedural due process objection if she does not include a challenge to the fundamental fairness of the state procedures.

*Leavell v. Ill. Dep't Natural Res.*, 600 F.3d 798, 804-05 (7th Cir. 2010) (internal citations, quotation marks and alterations omitted).

Here, Gross does not challenge established state procedures; rather, he alleges random and unauthorized conduct by the CTA or IDOL. Accordingly, in order to state a due process claim, Gross must have availed himself of the state post-deprivation remedies provided, which allowed him to seek judicial review of IDOL's decision to adopt the administrative law judge's recommendation to dismiss his VESSA claim for want of prosecution. (IDOL's Mem. Support Mot. Dismiss, Dkt. # 42-1, at PageID # 237); *see* 820 Ill. Comp. Stat. 180/35 ("An order issued by the Director under this Section shall be final and subject to judicial review under the Administrative Review Law."). Gross does not allege that he sought judicial review of the dismissal or that such review was inadequate. As a result, Gross has not stated a procedural due process violation and therefore has failed to state a claim for conspiracy under § 1983 against Maduff.

Defendants IDES, IDOL, and Attorney General Madigan. Gross alleges that IDOL "refused to hear [his] complaint," that IDES "refused unemployment benefits" and that Attorney General Madigan "conspired with CTA and IDES." To the extent that Plaintiff is seeking damages against IDES, Attorney General Madigan, and IDOL, these claims are barred by the Eleventh Amendment. *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370-71 (7th Cir. 2010) (Eleventh Amendment generally "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities" unless the state waives immunity, Congress abrogates it or the claim falls under the exception articulated by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908)). Under *Ex Parte Young*, a plaintiff may file "suit [ ] against state officials seeking prospective equitable relief for ongoing violations of federal law. . . ." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). But Plaintiff does not seek prospective relief for ongoing violations, and merely asks that "those who participated . . . pay." (Am. Compl., Dkt. # 10 at 6.) Therefore, Plaintiff's claims against IDES, Attorney General Madigan and IDOL are barred

3

by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] suit because they assume the identity of the government that employs them.").

To the extent that Gross asks this Court to review the circuit court's decision affirming the denial of his unemployment benefits, such review is barred by the *Rooker-Feldman* doctrine, which provides that a federal district court has no power to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Defendant CTA. As to the CTA, Gross alleges sexual harassment and "unethical collusion" with unnamed attorneys and judges. As noted above, to the extent that Gross alleges a conspiracy under § 1983 against the CTA, he must first allege the deprivation of a constitutional right, which he has failed to do with respect to any due process violation. Moreover, "'to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). "Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheif–Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Nevertheless, "*Monell* permits suits against municipal entities under § 1983, but only when a governmental policy or custom caused the constitutional deprivation; municipal entities cannot be liable for their employees' actions under a *respondeat superior* theory." *Hahn v. Walsh*, 762 F.3d 617, 638–39 (7th Cir. 2014). To establish liability against the City (i.e., the CTA), Gross "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chi.*, 690 F.3d 829, 833 (7th Cir. 2012). Not only has Gross failed to allege a deprivation of his due process rights, he alleges no facts in support of a municipal policy or custom that was the moving force behind any purported due process violation.

Likewise, with respect to any § 1983 claim of sexual harassment against the CTA in violation of the equal protection clause, Gross has not alleged any facts demonstrating that a governmental policy or custom was the moving force behind any alleged equal protection violation. Therefore, the § 1983 claims against the CTA are dismissed.

To the extent Gross's complaint can be construed to allege a claim of employment discrimination under Title VII, it is dismissed for failure to exhaust administrative remedies. Generally, a plaintiff must present employment discrimination claims under Title VII to the Equal Employment Opportunity Commission ("EEOC") before he can file a federal lawsuit based on those claims. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). Moreover, in Illinois, a plaintiff must file an EEOC charge within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e–5(e)(1); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 & n.1 (7th Cir. 1997). Gross fails to allege that he filed a charge with the EEOC within 300 days of the alleged unlawful employment discrimination. Therefore, any Title VII discrimination

claim is dismissed for failure to exhaust.

Moreover, Gross cannot seek punitive damages from the CTA. *See Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010); *Planned Parenthood Ass'n/Chicago Area v. Chi. Transit Auth.*, 767 F.2d 1225, 1233-34 (7th Cir. 1985).

For the reasons stated above, all of the defendants' motions to dismiss are granted. Because Gross's claims against the state agencies and state officials are barred by the Eleventh Amendment, the claims against IDES, IDOL, and Attorney General Madigan are dismissed with prejudice. Moreover, because Gross does not indicate how he can replead to cure the deficiency with respect to the procedural due process violation, the § 1983 claims against Maduff and the CTA based on that purported violation are dismissed with prejudice. *See Leavell*, 600 F.3d at 807-08 (where plaintiff failed to state procedural due process claim because she did not avail herself of available state procedural protections and did not indicate how she could amend the complaint to cure deficiency, finding dismissal with prejudice appropriate). To the extent that Gross attempted to allege a sex harassment claim under Title VII, it is dismissed without prejudice. Gross has 21 days to file an amended complaint, to the extent he can do so in compliance with Federal Rule of Civil Procedure 11, with respect to any § 1983 sex harassment claim only.

**Date**: April 24, 2015

                                                                                                   _____
                                                                                                   **Ronald A. Guzmán**
                                                                                                   **United States District Judge**